Allen, J.
concurred in the opinion of Baldwin, ex-
cept that he was of opinion the provision for the slaves was void.
Stanard, J.
was inclined to the opinion that the adjudged cases favoured the conclusion that the widow, while she had under the will, full discretion to sell and apply any part of the estate for the purpose of paying debts, took under it no beneficial interest in the residue left after the payment of debts, but was trustee thereof for the children, with power to make advancements to them at discretion : so, however, as ultimately to make the shares of each substantially equal. He, however, readily deferred to the opinions of his brethren, and acquiesced in the decree that was to be entered as the decree of the Court.
Brooke, J.
If a testator has complete dominion over his property, and may throw it into the sea, if he so wills, I can see no reason why he may not give it absolutely to his wife. That the testator so intended in this case, I think there can be no doubt, if language can express ideas. That he did not intend she should give it to *17 a stranger I admit. The answer to that suggestion is, that he did not believe she would give it to any but their children. Such was his confidence in her affection for them, that he intended to place her in the situation he himself occupied as to his property and children : to give to her the control of both. The will is very short, and I think, too plain for criticism. It may be an imprudent will; but we cannot make wills, but construe them according to the language in which they are expressed. Cujus est dare ejus est disponere. I think none of the English cases cited by the bar, would justify the creating a trust for the children in a case like this.
I think the decree ought to be affirmed.
The decree of the Court was as follows :
The court is of opinion, that by the last will and testament of Randolph Harrison deceased, in the proceedings mentioned, his widow, Henningham C. Harrison, the appellee, is invested, subject to the payment of his debts, with the legal title to the whole of his estate, real and personal, and the beneficial ownership thereof during her natural life, but in trust at her death for the children of their intermarriage, who take a vested remainder therein in fee simple, to be enjoyed at her death, or earlier at her election; and that by said will she has authority to make distribution of said estate, real and personal, amongst, or advancements therefrom to, said children, with full discretion on her part as to the periods, amount and proportions, subject to the requirement of ultimate completeness and equality in the division, and to her optional benefactions in behalf of some of the testator’s faithful slaves by the will authorized ; and further, that she has power by said will to make sale of all or any of said estate, real or personal, for payment of the testator’s debts, or more convenient enjoyment, advancement or division, or to keep the same for the like purposes in kind, at her discretion. The Court is, therefore, of opi *18 nion, that the said decree of the said Circuit Superior Court is erroneous in declaringThat the appellee, by said will, took the whole of the testator’s estate, real and personai sUkject to the payment of his debts, in absolute property, and that the appellants have no interest therein, and in making that declaration the ground of dismissing the bill of the appellants; whereas the only proper ground for such dismission was that the appellants have shewn no right to present relief: Wherefore it is decreed and ordered, that said decree of said Circuit Superior Court be reversed and annulled, with costs to the appellants. And this Court, proceeding to render such decree as said Circuit Superior Court ought to have rendered, it is declared that the rights of the parties are as above set forth: Therefore it is decreed and ordered, that the bill of the appellants be dismissed, but without costs, and without prejudice to their rights as aforesaid, or to such remedies as may hereafter accrue to them to enforce the same, and the due execution of the aforesaid trust.